UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------
KIRK OCHOA,

           Plaintiff,

   -v.-                                        9:05-CV-1068
                                                         (GLS)(RFT)

SUSAN A. CONNELL, Superintendent, Oneida
Correctional Facility; EVANS, Corrections Officer;
LAGASSE, Corrections Officer; WYBORSKY, Corrections
Officer; RUTH, Corrections Officer; ENGLEBURT, Corrections
Officer; FLISNIK, Corrections Counselor;

                Defendants.
------------------------------------------------------------------------
APPEARANCES:

KIRK OCHOA
05-A-0649
Plaintiff, *pro se*

GARY L. SHARPE, U.S. DISTRICT JUDGE

## DECISION and ORDER

Presently before the Court is an amended complaint filed by Kirk Ochoa ("Ochoa"). *See* Docket No. 8. Such complaint was submitted by Ochoa in compliance with the Order issued by this Court on October 31, 2005. Plaintiff has also filed a second motion for appointment of counsel. Docket No. 12. Plaintiff was previously granted leave to proceed with this action *in forma pauperis*.

Since the amended complaint filed by Ochoa appears to cure the defects that existed in his prior complaint, same may properly be filed with the Court.

Turning to plaintiff's second motion for appointment of counsel, the Court notes that in *Terminate Control Corp. v. Horowitz*, 28 F.3d 1335 (2d Cir. 1994), the Second Circuit reiterated the factors that a court must consider in ruling upon such a motion.

In deciding whether to appoint counsel, the court should first determine whether the indigent's position seems likely to be of substance. If the claim meets this threshold requirement, the court should then consider a number of other factors in making its determination. *Terminate Control Corp.*, 28 F.3d at 1341 (quoting *Hodge v. Police Officers*, 802 F.2d 58, 61 (2d Cir. 1986)). Of these criteria, the most important is the merits, *i.e.*, "whether the indigent's position was likely to be of substance." *McDowell v. State of N.Y.*, No. 91 CIV. 2440, 1991 WL 177271, *1 (S.D.N.Y. Sept. 3, 1991) (quoting *Cooper v. A. Sargenti & Co., Inc.*, 877 F.2d 170, 172 (2d Cir. 1989)). Indigents do not have to demonstrate that they can win their cases without the aid of counsel; they do have to show likely merit. *Id.*

This action was only recently commenced. The defendants have not yet been served with process, and the only facts upon which this Court may base its decision as to whether this lawsuit is of substance are those portions of plaintiff's complaint wherein he states the facts surrounding his claim. Where a plaintiff does not provide a court with evidence, as opposed to mere allegations, relating to his or her claims, such party does not meet the first requirement imposed by the Second Circuit relative to applications seeking appointment of pro bono counsel. *See Harmon v. Runyon*, No. 96-Civ.-6080, 1997 WL 118379 (S.D.N.Y. Mar. 17, 1997).

In light of the foregoing, the Court denies plaintiff's motion for appointment of counsel without prejudice. After the defendants have been served and responded to the allegations in plaintiff's complaint, he may choose to file a new motion for appointment of counsel, at which time the Court might be better able to determine whether such appointment is warranted in this lawsuit. Plaintiff is advised that any

future motion for appointment of counsel must be accompanied by **documentation** that substantiates plaintiff's efforts to obtain counsel from the public and private sector.

    WHEREFORE, it is hereby

    ORDERED, that the Clerk amend the Court's docket to reflect the caption and parties as listed above in the caption of this Order, and it is further

    ORDERED, that the Clerk shall issue summonses for the named defendants and forward them, along with copies of the amended complaint, to the United States Marshal for service upon the defendants, together with a copy of this Order, and it is further

    ORDERED, that a formal response to plaintiff's complaint be filed by the defendants or their counsel as provided for in the Federal Rules of Civil Procedure subsequent to service of process on the defendants, and it is further

    ORDERED, that all pleadings, motions and other documents relating to this action shall be filed with the Clerk of the United States District Court, Northern District of New York, 7th Floor, Federal Building, 100 S. Clinton St., Syracuse, New York 13261-7367.  **Any paper sent by a party to the Court or the Clerk shall be accompanied by a certificate setting forth the date a true and correct copy of same was mailed to all opposing parties or their counsel.  Any letter or other document received by the Clerk or the Court which does not include a certificate of service which clearly states that an identical copy of same was served upon all opposing parties or their attorneys is to be returned without processing.**  Plaintiff shall also comply with any requests by the Clerk's Office for any documents

that are necessary to maintain this action, including an original summons showing a complete title of this action, a civil cover sheet, sufficient copies of completed USM-285 forms and copies of his complaint (along with all exhibits attached thereto) for service upon the defendants.  Motions must comply with Local Rule 7.1 of the Northern District of New York and are to be made returnable before the assigned Magistrate Judge on any business day with proper allowance for notice as required by the Rules.  **Plaintiff is also required to promptly notify the Clerk's Office of any change in his address; his failure to keep such office apprised of his current address will result in the dismissal of the instant action.**  All motions will be decided on submitted papers, without oral argument, unless otherwise ordered by this Court, and it is further

    ORDERED, that plaintiff's second motion for appointment of counsel (Docket No. 12) is **denied** without prejudice to renew at some future time for the reasons stated above.  Any future motion for appointment of counsel must be accompanied by documentation that substantiates plaintiff's efforts to retain counsel on his own, and it is further

    ORDERED, that the Clerk serve a copy of this Order on plaintiff by regular mail.

IT IS SO ORDERED.

Dated:    February 13, 2006
              Albany, New York

_/s/ Gary L. Sharpe_
Gary L. Sharpe
U.S. District Judge